UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

| | |
|---|---|
| Rafael Segovia, individually<br>   Plaintiff<br><br>v.<br><br>FRIS CHKN, LLC.<br>a limited liability company<br>   Defendant | Civil Action No.: 3:22-cv-105 |

# DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE BRANTLEY STARR:

Defendant FRIS CHKN, LLC ("Defendant") files this Brief in Support of Defendant's Opposition to Plaintiff's Motion to Strike Defendant's Answer. In support thereof, Defendant respectfully shows the Court as follows:

## I.

## BACKGROUND

Plaintiff originally filed this lawsuit on January 21, 2022, in the Northern District Court of Dallas, Texas, captioned *Rafael Segovia v FRIS CHKN, LLC, a Limited Liability Company*, under Case No. 3:22-cv-00105-X, naming FRIS CHKN, LLC as the sole defendant. Defendant was served with Plaintiff's Complaint on

February 28, 2022.  On March 17, 2022, Defendant sent an e-mail to Plaintiff's counsel advising of its representation and requesting an extension to respond to the Complaint.  See ECF No. 13, Ex. A.  On March 21, 2022, Defendant sent a follow-up e-mail to Plaintiff regarding the extension to file a response to the Complaint.  *Id*.  Shortly thereafter, Plaintiff's counsel and Defense counsel entered into initial settlement discussions and Plaintiff granted Defendant's request for a 30-day extension.  See ECF No. 13, Ex. B.  During these negotiations with Plaintiff's counsel, Defense counsel went out of town and sent Plaintiff's counsel a letter and e-mail dated April 19, 2022, notifying Plaintiff that he would be out of town and subsequently requesting additional time to respond to the Complaint until after his return and after he had an opportunity to speak with Defendant.  See ECF No. 13, Ex. B–C.

On April 26, 2022, Defense counsel sent a follow-up e-mail to Plaintiff's counsel, also attaching the notice of unavailability, re-requesting an extension to respond to the Complaint.  See ECF No. 13, Ex. D.  Despite knowing that Defense counsel was out of town, Plaintiff demanded a response to the settlement demand when Defense counsel was still unavailable.  *Id*.  Upon return, on May 10, 2022, Defense counsel e-mailed Plaintiff's counsel a settlement offer.  *Id*.  Then shortly thereafter, Plaintiff's counsel filed a motion for Entry of Default without any response to the offer or, notice of the intent to file the Request for Entry of Default.

See ECF Nos. 8–10.

Defendant immediately filed a response to the Complaint and requested a stipulation to set aside the default as Plaintiff failed to give notice and the Parties were still engaged in early settlement negotiations.  See ECF No. 11; ECF No. 13, Ex. E.  Plaintiff's counsel refused to stipulate to set aside the default and instead threatened to file a motion to strike Defendant's answer when Defendant rejected Plaintiff's most recent settlement demand.  See ECF No. 13, Ex. F–G.  Plaintiff has since filed a Motion to Strike Defendant's Answer.  See ECF No. 14.

Despite Plaintiff's knowledge that Defendant was represented by counsel, and even though Defendant openly expressed its intent to defend against this lawsuit as the parties were engaged in settlement discussions, Plaintiff filed his Request for Entry of Default, subsequent Motion for Default, and Motion to Strike Defendant's Answer.  See ECF Nos. 8–10; ECF No. 14.  Defendant has shown its intent to defend this lawsuit by engaging in consistent settlement negotiations with Plaintiff's counsel and by promptly responding to each of Plaintiff's motions.  As such, Defendant respectfully requests that the Court deny Plaintiff's Motion to Strike Defendant's Answer.

II.

ARGUMENT AND AUTHORITIES

Defendant respectfully requests that the Court deny Plaintiff's Motion to Strike Defendant's Answer.

Pursuant to Federal Rules of Civil. Procedure 6(b)(1)(B), a court may, "for good cause" extend the time allowed for completion of certain acts "on motion made after the time has expired if the party failed to act because of excusable neglect."

Motions to strike are generally disfavored. *Dailey v. Cordis Corp.,* No. 3:12-cv-518-O, 2013 U.S. Dist. LEXIS 41858 (N.D. Tex. Mar. 26, 2013); *Software Publishers Ass'n v. Scott & Scott, LLP*, No. 3:06-cv-0949-G, 2007 U.S. Dist. LEXIS 59814, at *1 (N.D. Tex. Aug. 15, 2007).

"[Motions to strike] are viewed with disfavor and infrequently granted, both because striking portions of pleadings is a drastic remedy and because it is often sought by a movant simply as a dilatory tactic." *Dailey*, 2013 U.S. Dist. LEXIS 41858, at * 18, citing *Am. S. Ins. Co. v. Buckley*, 748 F. Supp. 2d 610, 626–27 (E.D. Tex. 2010).

A. <u>Plaintiff Was Not Prejudiced by the Late Filed Answer to Plaintiff's Complaint.</u>

The Fifth Circuit disfavors an "automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *Johnson v. Pettiford*,

Case 3:22-cv-00105-X   Document 16   Filed 06/22/22   Page 5 of 10   PageID 110

442 F.3d 917, 918 (5th Cir. 2006). Even if a motion to strike is technically appropriate, courts often deny motions to strike in the absence of a showing of prejudice to the moving party. *Buckley*, 748 F. Supp. 2d at 626–27 (weighing prejudice of striking answer to prejudice due to untimeliness). Here Plaintiff is not prejudiced and has not suffered as a result of Defendant's late filing. As such, the prejudice to Defendant in striking its Answer due to untimeliness greatly outweighs any prejudicial effect on Plaintiff as Plaintiff was not prejudiced by the untimely filing.

B. <u>Defendant's Actions Were Not Willful And Instead A Result of Excusable Neglect.</u>

In support of his argument, Plaintiff relies on an unpublished decision from the Fifth Circuit Court of Appeals, *DirecTV, Inc. v. Young*, 195 Fed. Appx. 212 (5th Cir. 2006). The facts of the *Young* decision are clearly distinguishable from the facts here. In *Young*, the plaintiff, DirecTV, filed a complaint against the defendant, Charles Young, in June of 2004. See *Young*, 195 Fed. Appx. at 213. For over eight months after Young's answer was due, DirecTV sent repeated written correspondence to Young and reminded him that he had failed to respond to the complaint. *Id*. DirecTV also provided Young more time in which to file his answer. *Id*. Young did not respond to any of DirecTV's correspondence.

In March 2005, DirecTV wrote to Young again and notified him that if he did

4860-2988-4453.1
**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER**  Page | 5

not file an answer by April 15, 2005, DirecTV would proceed with seeking default judgment. *Id*. Young did not file an answer by April 15, 2005, yet DirecTV again gave Young more time in which to file an answer, setting a new deadline of May 9, 2005. *Id*.

When Young failed to file an answer on May 9, 2005, DirecTV filed an application for entry of default judgment the next day. *Id*. After DirecTV moved for default judgment, Young finally responded by filing an answer, *eleven months* after he had been served with the complaint. *Id*. at 213. DirecTV filed a motion to strike Young's untimely answer. *Id*. After it received no response from Young on the motion for default judgment or the motion to strike, the District Court granted DirecTV's motion to strike, and entered a default judgment against Young. *Id*. at 214.

On appeal, the Fifth Circuit found no abuse of discretion in the District Court's decision to grant DirecTV's motion to strike Young's answer. *Id*. at 215. The Court held that:

> Given that [Young] has offered no explanation whatsoever for any of these failures, the court cannot conclude that they were other than willful. Young had been specifically apprised that an answer would be due on or before May 9, 2005, and that DirecTV would seek a default judgment were one not filed, and yet he did nothing. He did not try to find an attorney; he did not ask DirecTV or the court for more time; and he did not file an answer.

*Id*.

Unlike the factual circumstances in *Young*, Defendant mistakenly believed

that the Parties' early settlement negotiations and Plaintiff's previous agreement to permit Defendant additional time to respond to Plaintiff's Complaint were meant to allow the Parties the opportunity to settle the case before requiring court or the additional costs to both Parties associated with litigation.

Defendant did not willfully fail to file its answer to Plaintiff's Complaint. Rather, Defendant had a good faith belief that the extension to file the answer was still in effect while the Parties continued early settlement negotiations and/or if the extension was no longer in effect that Plaintiff would notify Defendant of the expiration and Plaintiff's intent to Request a Default if Defendant did not file a response to the Complaint. Unlike in *Young*, Defendant received no such courtesy.

As Defendant received no notice of Defendant's intent to file the Request for Entry of Default until it was served with the Request, Defendant filed its Answer to Plaintiff's Complaint immediately upon Defense Counsel's receipt of the Request for Default filed with the Court. See ECF No. 11. This is again distinguishable from *Young* as Young did not file an answer even after the plaintiff made numerous requests to Young to respond and further gave Young *unrequested* extensions to comply before filing the request for entry of default. In this case, Defendant filed its Answer to Plaintiff's Complaint as soon as it was able to after it received notice of the Request for Entry of Default. Unlike the defendant in *Young*, Defendant FRIS CHKN, LLC's delay in filing its Answer was not willful and Defendant's Answer

set forth meritorious defenses.

C.     Plaintiff Failed to Satisfy Local Rule 7.1(b)(3).

Plaintiff's Certificate of Conference demonstrates that its counsel failed to comply with Local Rule 7.1(b)(3). This rule requires that "[i]f a conference was not held, the certificate must explain why it was not possible to confer." While Plaintiff's certificate of conference describes why its counsel felt it was unnecessary to confer, it does not describe why it was not *possible* for him to confer with Defendant's counsel of record. Indeed, Plaintiff's counsel admits that he was aware that the undersigned counsel was in an arbitration until June 16, 2022 (the day following Plaintiff's attempt to confer) and was not available for a conference until the following day.

Plaintiff's counsel is correct that Defendant is opposed to Plaintiff's Motion to Strike Defendant's Answer. But by filing the Motion to Strike without conferring with Defendant's counsel, Plaintiff has once again rushed into a litigation strategy that does not appear intended to advance the resolution of the merits of the case. Instead, Defendant is compelled to waste valuable attorney time (to say nothing of the court's) in resolving unnecessarily contentious motion practice.

D.     Defendant Has Filed a Motion to Deem Its Answer Timely Filed.

Based on the grounds set forth above, Defendant has filed a Motion to Deem its Answer Timely Filed, which will undermine the basis of Plaintiff's Motion to

Strike. This is just one more example of Defendant's diligent efforts to defend itself in this case, and it is yet another reason for denial of Plaintiff's Motion to Strike.

## III.

## CONCLUSION

WHEREFORE, based on the foregoing Defendant respectfully requests this Honorable Court deny Plaintiff's Motion to Strike Defendant's Answer.

DATED: June 22, 2022

LEWIS BRISBOIS BISGAARD & SMITH LLP

_____
John M. Lynch
TX State Bar No. 24063968
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
Telephone:  214.722.7100
Fax:  214.722.7111
John.Lynch@lewisbrisbois.com

## CERTIFICATE OF SERVICE

      In accordance with Texas Rule of Civil Procedure 21a, I certify that I served the foregoing document on June 22, 2022, on the following parties via CM/ECF:

Duncan Strickland
Duncan@StricklandLawFirm.com
1452 Hughes Road, #200
Grapevine, Texas 76051
**Attorneys for Plaintiff**

_____
John M. Lynch