UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAFAEL SEGOVIA, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | Civil Action No. 3:22-cv-0105-X |
| FRIS CHKN, LLC, § | |
| § | |
| *Defendant.* § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are plaintiff Rafael Segovia's motion for default judgment against defendant Fris Chkn, LLC [Doc. No. 10], Fris Chkn's motion to set aside default [Doc. No. 13], Segovia's motion to strike Fris Chkn's answer to Segovia's complaint [Doc. No. 14], and Fris Chkn's motion to deem its answer timely filed [Doc. No. 15].  For the reasons below, the Court **GRANTS** the motion to set aside default and **DISMISSES AS MOOT** the motion for default judgment.  It also **DENIES** the motion to strike the answer and **GRANTS** the motion to deem the answer timely filed.

### I. Factual Background

Rafael Segovia, who "uses a wheelchair for mobility purposes," acts as a self-proclaimed "tester" to "monitor[] . . . whether places of public accommodation are in compliance with the [Americans with Disabilities Act ("ADA")]."[1]  Segovia alleges that he "was deterred from patronizing, and/or gaining equal access as a disabled patron"

---

[1] Doc. No. 1 at 2.

to a Church's Chicken restaurant on property owned by Fris Chkn, and that he "travels in and about the immediate area" of the restaurant "numerous times every month, if not every week."[2]

Segovia sued Fris Chkn, seeking an injunction requiring Fris Chkn to "remove the physical barriers to access" at its property and to "alter" its property as needed to ensure ADA compliance.[3] Segovia also seeks attorney's fees and litigation expenses.[4] The specific ADA violations Segovia alleges include failure to maintain the paint and signage delineating accessible parking spaces, cracked and uneven pavement, and "a severe downward slope" in all of the parking spaces.[5]

After Segovia served Fris Chkn on February 28, 2022, Fris Chkn did not appear or file any responsive pleadings. Segovia requested and obtained a clerk's entry of default against Fris Chkn about three months later and moved for default judgment the same day. Six days after that, Fris Chkn appeared and filed its answer to Segovia's complaint. Fris Chkn has since moved to set aside the clerk's default, which Segovia opposes. Also, Segovia moved to strike Fris Chkn's answer as untimely filed, while Fris Chkn asked the Court to deem its answer timely filed.

Fris Chkn tells its side of the story in its motion to set aside the clerk's default, which endeavors to show good cause for Fris Chkn's failure to timely answer Segovia's complaint. According to Fris Chkn, the parties were engaged in behind-the-scenes

---

[2] *Id.* at 3–4.

[3] *Id.* at 15–16.

[4] *Id.*

[5] *Id.* at 8–10.

settlement negotiations via email and amicably agreed to multiple extensions of time for Fris Chkn to file an answer.[6] The Court turns first to the question of whether it should set aside the clerk's entry of default.

## II. Legal Standards

The Court "may set aside an entry of default for good cause."[7] To determine if good cause exists, courts in the Fifth Circuit consider three factors: whether the default resulted from "excusable neglect," "whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[8] Another relevant inquiry is "whether the defendant acted expeditiously to correct the default."[9] But the Fifth Circuit has emphasized that "[t]hese factors are not 'talismanic'" and "[t]he ultimate inquiry remains whether the defendant shows 'good cause' to set aside the default."[10]

## III. Analysis

As a preliminary matter, the Court apparently must clarify what the Federal Rules of Civil Procedure already state with perfect clarity: *Only this Court may extend pleading deadlines*.[11] The "stipulations" and "agreements" between the parties to extend Fris Chkn's deadline to answer were entirely powerless to do so. Fris Chkn's answer was due 21 days after it was served, and Segovia—as it was perhaps aware

---

[6] *See* Doc. Nos. 13 at 1–4, 13-2 at 2, 13-3 at 2, 13-4 at 2–3, 17 at 2–4.

[7] FED. R. CIV. PROC. 55(c).

[8] *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992).

[9] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (cleaned up).

[10] *CJC Holdings*, 979 F.2d at 64 (cleaned up).

[11] FED. R. CIV. PROC. 6(b), 12(a)(1)(A)(i).

all along—was free to move for a clerk's default at any time after that.

The question, then, is whether good cause exists to grant Fris Chkn's motion to set aside the default.

Beginning with the first factor—whether the default resulted from "excusable neglect"—the Court finds that Fris Chkn's "neglect" is clear: Any first-year law student should know that a defendant's responsive pleadings are due 21 days after being served with a complaint. But the Court also finds this neglect excusable. The undisputed timeline shows that Segovia's counsel twice consented to Fris Chkn's delay in responding, that the parties maintained consistent communication from the point of service until the default was entered, that they were attempting to settle the case, and that Fris Chkn expeditiously filed its answer within a week of the clerk's entry of default.[12] The Court will excuse Fris Chkn's neglect on the basis of its demonstrated, earnest intent to defend itself in this suit.

Turning to the second factor, the Court finds that setting aside the default will not prejudice Segovia. Segovia's counsel told Fris Chkn he was "happy to agree" to a 30-day extension after Fris Chkn's answer was already overdue, and then stated he "would happily agree" to a further 22-day extension after the initial extension expired.[13] Surely such enthusiasm to extend Fris Chkn's deadlines for months demonstrates that Segovia will not be prejudiced if the Court allows this case to proceed.

---

[12] Doc. Nos. 11, 13-2 at 2, 13-3 at 2, 13-4 at 2–3, 13-5 at 2.

[13] Doc. Nos. 13-3 at 2, 13-5 at 2.

As to the third factor, Fris Chkn's answer offers several potentially meritorious defenses: Curing the alleged ADA violations to Segovia's satisfaction would "require [] fundamental alteration" to the property, is "not technically feasible," is "not structurally readily achievable," and "would require undue burden or expense."[14] The Court finds that Fris Chkn should at least have the chance to prove up these defenses. Segovia's bald assertion that Fris Chkn "has the financial resources to make the modifications" Segovia demands is unaccompanied by any evidence whatsoever.[15] Meanwhile, Fris Chkn's defense that a project requiring it to level its parking lot and repave its sidewalks is not "readily achievable"—a defense defined in the ADA as including projects not "easily accomplishable [or] able to be carried out without much difficulty or expense"—is quite plausible.[16]

Given the weight of these factors, the Court finds that Fris Chkn has demonstrated good cause for setting aside the default and deeming its answer timely filed.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Fris Chkn's motion to set aside the default, and accordingly **DISMISSES AS MOOT** Segovia's motion for default judgment. Having set aside the default, the Court **GRANTS** Fris Chkn's motion to deem its answer timely filed and **DENIES** Segovia's motion to strike Fris Chkn's answer.

---

[14] Doc. No. 11 at 6.

[15] Doc. No. 1 at 13.

[16] 42 U.S.C. §§ 12181(9), 12182(b)(2)(A)(v).

5

**IT IS SO ORDERED** this 4th day of November, 2022.

                                                   BRANTLEY STARR
                                                   UNITED STATES DISTRICT JUDGE